**Debra KEACH and Patricia Sage, Plaintiffs,**

v.

**U.S. TRUST COMPANY, N.A., et al., Defendants.**

No. 01–1168.

United States District Court, C.D. Illinois, Peotia Division.

March 6, 2003.

Dean B. Rhoads, Robert Rhode, Edward Sutkowski, Steven Oates, Sean Anderson, Sutkowski & Rhoads, Peoria, IL, for Plaintiffs Debra Keach and Patricia Sage.

Timothy Bertschy, Heyl, Royster, Voelker & Allen, Peoria, IL, Robert Eccles, Shannon M. Barrett, O'Melveny & Myers LLP, Washington, DC, for Defendant U.S. Trust Company, NA, fka U.S. Trust Company of California.

Charles Roth, James Springer, Joseph Z. Sudow, Kavanagh Scully Sudow White & Frederick, Peoria, IL, Michael T. Graham, Nancy Ross, McDermott Will & Emery, Trent P. Cornell, Duane Morris LLC, Chicago, IL, for Defendant Ellen D. Foster, Executrix of the Estate of Thomas S.

Foster and as Co–Trustee of the Thomas S. Foster Trust executed on 4/14/94.

Michael T. Graham, Nancy Ross, McDermott Will & Emery, Chicago, IL, for Defendant The Northern Trust Company, an Illinois Corporation as Co–Trustee of the Thomas S. Foster Trust executed on 4/14/94.

Richard J. Pautler, Jennifer Baetje, Thompson & Coburn, St. Louis, MO, for Defendants Robert A. Ostertag, Jr., Terry P. Cole, Alan R. Dix, Jon Elletson, A. Robert Pellegrino.

James Bailey, Paul Ondrasik, Jr., Steptoe & Johnson, Washington, DC, Roy Davis, David Lubben, Davis & Campbell LLC, Peoria, IL, for Defendants Valuemetrics, Inc.

Mark Casciari, Ian Hugh Morrison, Sari M. Alamuddin, Seyfarth Shaw, Chicago, IL, for Defendant Houlihan, Lokey, Howard & Zukin, Inc.

Charles Roth, James Springer, Kavanagh Scully Sudow White & Frederick, Peoria, IL, for Defendant Stephen P. Bartley.

Stephen Gay, Jeffrey Alan Ryva, Husch & Eppenberger LLC, Peoria, IL, for Defendant Lyle Dickes.

Jeffrey Rock, Hasselberg Rock Bell & Kuppler, Peoria, IL, for Defendant James Freid.

Charles Roth, James Springer, Kavanagh Scully Sudow White & Frederick, Peoria, IL, for Defendant Dale Fujimoto.

John Elias, Robert Riffle, Cynthia Elias, Elias Meginnes Riffle & Seghetti, Peoria, IL, for Defendant William Gehring, Henry Gregory, II, John F. Halpin, James Kyle, John Lappegaard, George McKittrick, Clayton Patino, Jerry Rathmann, W. Thomas Stumb, Mark Swedlund, Leo Vanderlugt, Robert Wilson, Bruce Wright.

Jeffrey Rock, Hasselberg Rock Bell & Kuppler, Peoria, IL, for Defendant Richard Hodgson.

Dean Essig, Washington, IL, for Defendant Gregory McAllister.

Charles Roth, James Springer, Joseph Sudow, Kavanagh Scully Sudow White & Frederick, Peoria, IL, for Defendants Michael Norbutas, Frederick Stuber, and For Defendant Ashley Anne Foster, as trustee or agent of the Ashley Anne Foster Irrevocable Trust, and Melvyn R. Regal, individually, as trustee or agent of the Steven Jay Regal Trust, as trustee or agent of the Judi Lynn Regal Trust, and as trustee or agent of the John E. Regal Trust.

## ORDER

MIHM, District Judge.

Now before the Court is Plaintiffs' Motion for Summary Judgment Against Defendants Ellen D. Foster ("Mrs.Foster"), as Executrix of the Estate of Thomas S. Foster, and Melvyn R. Regal ("Regal"): Breach of ERISA § 404 Duty of Loyalty. As Mrs. Foster has previously been terminated as a party to this litigation in her capacity as the Executrix of the Estate, the portion of the present Motion addressed to claims asserted against her is moot, and the Court will address the Motion solely as it pertains to claims asserted against Defendant Regal. For the reasons set forth below, the Motion for Summary Judgment [# 401] is DENIED IN PART and MOOT IN PART.

### FACTUAL BACKGROUND

The basic factual background has been sufficiently set forth in the prior orders of this Court, and familiarity therewith is presumed. The present motion is brought by Plaintiffs seeking summary judgment against Regal on a breach of fiduciary duty of loyalty claim. At the time of the 1995

transaction, he was the Vice Chairman of the F & G Board. Along with Thomas Foster ("Foster") and Robert Pellegrino, Regal was the third member of F & G's Executive Committee. The matter is now fully briefed and ready for resolution. This Order follows.

## DISCUSSION

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. 2548. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Cain v. Lane*, 857 F.2d 1139, 1142 (7th Cir.1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. Nevertheless, this Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." *Holland v. Jefferson*

*Nat. Life Ins. Co.*, 883 F.2d 1307, 1312 (7th Cir.1989). Summary judgment will be denied where a reasonable trier of fact could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir.1995).

Plaintiffs assert that because of their dual interests as ESOP fiduciaries and selling shareholders, Foster and Regal were obliged to engage in an intensive and scrupulous investigation of options to insure that they acted in the best interests of the ESOP participants and beneficiaries. They further contend that by locating and engaging an ESOP trustee and financial advisor who would commit not to use the decision of the U.S. Tax Court in *Eyler v. Commissioner* to negotiate a lower sale price for the F & G stock, Foster and Regal failed to discharge their duties with respect to the ESOP solely in the interest of the ESOP participants and beneficiaries.

While Plaintiffs have presented a spirited closing argument, their Motion is premised on inferences that the Court has previously found to be either not reasonably supported by the record or issues of disputed fact that the Court has repeatedly held to require assessments of credibility that must be resolved at trial. As the present Motion is plainly inappropriate for resolution on summary judgment, Plaintiffs' Motion shall be denied without further discussion.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Second Motion for Summary Judgment Against Ellen Foster as Executrix of the Estate of Thomas S. Foster and Melvyn R. Regal: Breach of ERISA § 404

Duty of Loyalty [# 401] is DENIED IN PART and MOOT IN PART.